11-2562
United States v. Gallagher

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            BARRINGTON D. PARKER,
            PETER W. HALL,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                          11-2562

THOMAS E. GALLAGHER,
        <u>Defendant-Appellant</u>,

SYED A. BABAR, AKA ALI, AKA ASAD,
DAVID AVIGDOR, NATHAN M. RUSSO, REHAN
QAMAR, MOHAMMAD SALEEM, RAB NAWAZ,
MORRIS I. OLMER, WENDY WERNER,
MARSHALL ASMAR,
        <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                    Marjorie M. Smith, Law Office of Marjorie M. Smith, Piermont, N.Y.

**FOR APPELLEE:**                    Susan L. Wines, Eric J. Glover, Assistant United States Attorneys, Sandra S. Glover, Assistant United States Attorney (of counsel), <u>for</u> David B. Fein, United States Attorney for the District of Connecticut, New Haven, Conn.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**


Thomas E. Gallagher appeals from a judgment of conviction for one count of making false statements to the federal government in violation of 18 U.S.C. § 1001.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gallagher argues that his within-Guidelines 60-month sentence--the statutory maximum--is unreasonable. Reasonableness review "involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence.  Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.  Rather, the standard is akin to review for abuse of discretion." <u>United States v. Fernandez</u>, 443 F.3d 19, 26-27 (2d Cir. 2006) (citations omitted).

Gallagher was an essential party in a four-year-long mortgage fraud conspiracy that resulted in $3 million in losses to various lenders and the Federal Housing Administration.  He continued the scheme after receiving warnings about his conduct, and he used his position of influence in the community to vouch for the character of a co-conspirator.  As such, his sentence "can[] be located

2

within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted) (discussing review for substantive reasonableness).

Gallagher's contentions that the court did not adequately justify his sentence are also unavailing. After the court analyzed Gallagher's arguments for a downward departure and the government's arguments for a within-Guidelines sentence, the court concluded that the "aggravating facts and circumstances here [do] not simply outweigh the positives, . . . they overwhelm them." <u>See also</u> <u>United States v. Jones</u>, 531 F.3d 163, 174 (2d Cir. 2008) ("Sentencing is not, after all, a precise science. Rarely, if ever, do the pertinent facts dictate one and only one appropriate sentence.") (citation omitted).

Finding no merit in Gallagher's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3